UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GRANT TAILLEFER, et al.,<br><br>　　　　Defendants. | No. C03-4178 BZ<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TAILLEFER** |

　　　　Before me is plaintiff DIRECTV's motion for default judgment against defendant Grant Taillefer.[1]  A hearing was held on February 2, 2005.  Defendant did not file any opposition to plaintiff's motion, nor did he appear at the hearing.  As defendant has not consented to the jurisdiction of a United States Magistrate Judge, this matter will be reassigned to a district judge with the following report and recommendation regarding default judgment.

　　　　On September 12, 2003, plaintiff filed this action against defendant and four other individuals alleging violations of the Federal Communications Act of 1934, as

---

　　[1]　　All co-defendants have been dismissed.

1

amended, 47 U.S.C. section 605, as well as the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. sections 2510-2521. Plaintiff effected service of process against defendant Taillefer on December 1, 2003. After defendant failed to respond to the complaint, and upon plaintiff's request, the Clerk of this court entered his default under Rule 55(a) on February 19, 2004. On February 26, 2004, Chief Judge Patel issued an Order of Limited Assignment of all DIRECTV cases pending in the Northern District to Judge Ware. See February 26, 2004 Order. Pursuant to Chief Judge Patel's Order, I issued a stay in all DIRECTV cases assigned to me, which stay was lifted upon issuance of Judge Ware's Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish a *Prima Facie* Case Under Statutory Claims. In re DIRECTV, Inc., No. C02-5912 JW, 2004 WL 2645971 (N.D. Cal. July 26, 2004). Defendant failed to appear at the August 30, 2004 status conference. On November 12, 2004 plaintiff filed a motion for default judgment against defendant.

Pursuant to Rule 55(b)(2), a court may enter default judgment against a party when default has already been entered by the Clerk. Fed. R. Civ. P. 55(b)(2). A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. The defendant satisfies this requirement. See Declaration of Sandeep J. Shah in Support of Plaintiff

DIRECTV, Inc.'s Motion for Default Judgment Against Defendant Grant Taillefer ("Shah Decl") ¶ 8.

By his default, defendant is deemed to have admitted the well-pleaded averments of the complaint except for those regarding the amount of damages. Fed. R. Civ. P. 8(d); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiff seeks statutory damages against defendant for violation of 18 U.S.C. section 2511(1)(a). Section 2511(1)(a) of the ECPA provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . ." commits a federal offense. 18 U.S.C. § 2511. Section 2520(a) creates a private right of action for any person, including a corporation, "whose wire, oral, or electronic communication is intercepted." 18 U.S.C. §§ 2510(6), 2520(a). Ninth Circuit case law holds that satellite transmissions are electronic communications protected under the ECPA. U.S. v. Lande, 968 F.2d 907, 909 -10 (9th Cir. 1992) ("A person who views satellite television programming by use of a modified descrambler and a satellite dish 'intentionally intercepts' the satellite television signal, which is an 'electronic communication.'").

Having reviewed plaintiff's complaint, I find that the allegations are sufficiently well-pled to establish defendant's liability under section 2511(1)(a). Plaintiff alleges that it is "the nation's leading direct broadcast

satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States." Compl., ¶ 1. Defendant allegedly "purchased and used illegally modified DIRECTV Access Cards and other devices ('Pirate Access Devices') that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV." Compl., ¶ 4. In addition, plaintiff claims that defendant "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a)." Compl., ¶ 21. Upon default these well-pled allegations are deemed admitted.

The only issue that remains is the determination of damages. Under section 2520(c)(2) the court may assess as damages "the greater of (A) the sum of actual damages suffered by the plaintiff . . . ; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). The court has discretion under section 2520 to award damages as authorized by the statute or to award no damages at all. In re DIRECTV, Inc., 2004 WL 2645971 at *11; DIRECTV v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429-30 (6th Cir. 1999) (citing Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996)). However, the court may not award an amount falling between those two choices. In re DIRECTV, Inc., 2004 WL 2645971 at

1  *16; <u>DIRECTV v. Hedger</u>, No. 03-CV-733, 2004 WL 1396274 at
2  *2 (W.D. Mich. Apr. 20, 2004).
3      Plaintiff seeks $10,000 in statutory damages.  Having
4  reviewed plaintiff's application and supporting
5  declarations, I recommend that plaintiff recover statutory
6  damages in the amount of $10,000 against defendant
7  Taillefer and post-judgment interest thereon pursuant to 28
8  U.S.C. section 1961.  Plaintiff also seeks $2,265.41 in
9  attorneys' fees and costs in an amount yet to be
10 determined.  Attorneys' fees and costs are recoverable
11 under section 2520.  18 U.S.C. § 2520(b)(3).  In support of
12 its request, plaintiff submitted time records demonstrating
13 that it reasonably incurred $1,500.41 in attorneys' fees
14 for time expended in this case prior to the hearing.  Shah
15 Decl. ¶¶ 10-12.  The hourly rate charged by plaintiff's
16 counsel is also reasonable.  <u>See</u> Shah Decl. ¶ 9, Ex. E.  I
17 further recommend awarding counsel an additional 1.5 hours
18 for preparing for and attending the hearing, which lasted
19 less than ten minutes.  Based on counsel's hourly rate,
20 this amounts to an additional $382.50 in attorneys' fees.
21 I therefore recommend that plaintiff recover a total of
22 $1,882.91 in attorneys' fees.
23     For the foregoing reasons, I **RECOMMEND** that judgment
24 be entered in the amount of $11,882.91 against defendant
25 Taillefer pursuant to 18 U.S.C. section 2520 and that post-
26 ///
27 ///
28 ///

1 | judgment interest be awarded thereon, pursuant to 28 U.S.C.
2 | section 1961.
3 | February 25, 2005
4 |                               /s/ Bernard Zimmerman
                                  Bernard Zimmerman
5 |                              United States Magistrate Judge

G:\BZALL\-BZCASES\DIRECTV\TAILLEFER\default.wpd